UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FAIRBANK RECONSTRUCTION CORP.,
d/b/a FAIRBANK FARMS,                              **DECISION AND ORDER**
                           Plaintiff,
                                                            13-CV-00907(S)(M)
v.

GREATER OMAHA PACKING
COMPANY, INC.,

                           Defendant.
_____

        Before me is defendant's motion [27][1] to stay proceedings pending the outcome of a related action pending in the United States District Court for the District of Maine entitled Grater Omaha Packing Company, Inc. v. Fairbank Reconstruction Corp. d/b/a Fairbank Farms, Case No. 2:13-cv-00436-GZS (the "Maine action"). Oral argument was held on February 20, 2014 [33]. For the following reasons, the motion is denied, without prejudice to renewal at a later date.[2]

**ANALYSIS**

        "A court may decide in its discretion to stay civil proceedings pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. The party seeking a stay bears

---

    [1]     Bracketed references are to CM/ECF docket entries

    [2]     "A motion for a stay of proceedings is nondispositive." Ace American Insurance Co. v. Carolina Roofing, Inc., 2010 WL 2649918, *1, n. 2 (W.D.N.Y. 2010).

the burden of establishing its need." Nautilus Neurosciences, Inc. v. Fares, 2013 WL 3009488, *2 (S.D.N.Y. 2013).

"Whether the court should do so is based on several factors including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Ace American, 2010 WL 2649918, *1.

Having considered these factors, I conclude that a stay is not warranted at this time. In the first place, although defendant commenced the Maine action on November 22, 2013 (defendant's motion [27], ¶2), at the scheduling conference held before me three days later [18], defendant agreed to the deadlines of the Case Management Order ("CMO") [19] *without* suggesting that it intended to seek a stay of proceedings in this case based on the pendency of the Maine action.

Secondly, defendant's repeated challenges to the judgments which form the basis of plaintiff's claims have been rejected (*see* Long v. Fairbank Reconstruction Corp., 701 F.3d 1 (1st Cir. 2012) and Jones v. Fairbank Reconstruction Corp, 2013 WL 6019294 (D. Me. 2013)), and plaintiff's motion to dismiss the Maine action is pending. Without prejudging that motion, it does not appear to me that defendant's chances of ultimate success in the Maine action are strong enough to warrant disrupting the CMO deadlines to which it previously agreed.[3]

---

[3] At oral argument the parties agreed to minor modifications to the CMO necessitated by the pendency of this motion. Those modifications are reflected in an Amended CMO [34].

## CONCLUSION

For these reasons, defendant's motion for a stay of proceedings [27] is denied, without prejudice to renewal based upon further developments in the Maine action.

Dated: February 21, 2014

**SO ORDERED**

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge